1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SONYA S.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. C21-5667 RSM

**ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING
FOR FURTHER PROCEEDINGS**

Plaintiff seeks review of the denial of her applications for Supplemental Security Income ("SSI") and Disability Insurance ("DI") benefits.  Plaintiff contends the ALJ erred by (1) rejecting her testimony, (2) rejecting the opinions of Harold Huff, DPM, and Samuel Liebson, DPM, (3) ignoring the opinions of Philip Gibson, Ph.D., and (4) failing to account for Plaintiff's tearful, withdrawn, and hypervigilant affect.  Pl. Op. Br. (Dkt. 9) at 1.  As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff is 51 years old, has at least a high school education, and has worked as a licensed practical nurse, certified nursing assistant, and billing clerk.  Admin. Record ("AR") (Dkt.7) 35, 44, 1341.  Plaintiff applied for DI benefits on October 25, 2018, and SSI benefits on

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 1

1    October 10, 2019.  AR 18, 170–71, 175–84.  Plaintiff alleged disability beginning on July 7,

2    2018.  AR 18.  Plaintiff's applications were denied initially and on reconsideration.  AR 43–86.

3    ALJ Rebecca LaRiccia held a hearing on November 17, 2020, after which she issued a decision

4    finding Plaintiff not disabled.  AR 18–36, 1333–64.  In relevant part, the ALJ found Plaintiff had

5    severe impairments of fibromyalgia; obesity; stasis dermatitis; right hip degenerative joint

6    disease, status post total hip replacement with trochanteric bursitis; hammertoe/bunions of the

7    bilateral feet, status post left bunionectomy with arthroplasty of the second digit and osteotomy,

8    and tarsal tunnel syndrome; mild degenerative joint disease of the left hip; lumbar spine

9    degenerative disc disease; posttraumatic stress disorder; and major depressive disorder/bipolar II

10   disorder.  AR 21.  The ALJ found Plaintiff could perform light work, with additional

11   standing/walking, postural, environmental, cognitive, and social limitations.  AR 25.

12          The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the

13   Commissioner's final decision.  AR 1–3.

14                              **DISCUSSION**

15          This Court may set aside the Commissioner's denial of Social Security benefits only if

16   the ALJ's decision is based on legal error or not supported by substantial evidence in the record

17   as a whole.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The ALJ is responsible for

18   evaluating evidence, resolving conflicts in medical testimony, and resolving any other

19   ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Although

20   the Court is required to examine the record as a whole, it may neither reweigh the evidence nor

21   substitute its judgment for that of the ALJ.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

22   2002).  When the evidence is susceptible to more than one interpretation, the ALJ's

23   interpretation must be upheld if rational.  *Ford*, 950 F.3d at 1154.  This Court "may not reverse

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 2

an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### A.    Plaintiff's Testimony

Plaintiff contends the ALJ erred by failing to give clear and convincing reasons for rejecting her testimony.  Pl. Op. Br. at 2–5.  Plaintiff testified she has hip pain and range of motion limitation due to a total hip replacement after a workplace injury in 2014.  AR 228, 259, 1345.  She reported she has significant back pain.  AR 228, 1346.  She testified she has lower extremity swelling.  *Id.*  She testified she tries to take walks every day, but they take her a lot of time because she has to stop.  *Id.*  She testified she can walk a half a mile at the most.  AR 233, 259, 1351.  She testified she elevates her legs for 20 to 30 minutes about every hour and a half.  *Id.*  She testified she could sit for about 30 to 45 minutes before needing to change positions.  AR 1354–55.  She testified she can lift less than five pounds.  AR 233, 1357.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited."  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "'could reasonably be expected to produce the pain or other symptoms alleged.'"  *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)).  If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so.  This is not an easy requirement to meet.'"  *Trevizo*, 871 F.3d at 678 (quoting *Garrison*, 759 F.3d at 1014–15)*.

The ALJ found Plaintiff met the first step, but discounted her testimony regarding the severity of her symptoms.  The ALJ rejected Plaintiff's hip pain complaints because they

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 3

preexisted her alleged onset date, and thus existed at a time when Plaintiff was still working.  AR 27.  This was a reasonable determination.  *See Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir. 1992) (holding plaintiff's ability to hold two previous jobs with a fair amount of success supported finding plaintiff was not disabled).  Plaintiff worked as licensed practical nurse until her alleged onset date in July 2018.  AR 200.  She had a hip replacement in March 2016, and continued to report pain symptoms into 2018.  *See* AR 332–34, 360–72, 426–32.  That she could work with these symptoms was a valid reason to reject her testimony as to her hip pain.

The ALJ rejected Plaintiff's symptom complaints related to stasis dermatitis because she determined they were inconsistent with the overall medical evidence.  The ALJ erred in making this finding.  An ALJ "cannot simply pick out a few isolated instances" of medical health that support her conclusion, but must consider those instances in the broader context "with an understanding of the patient's overall well-being and the nature of her symptoms."  *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016).  The ALJ here noted some normal findings relating to Plaintiff's lower extremities, but failed to explain why those findings were more relevant or persuasive than the abnormal findings in the record.  The ALJ noted, for example, that Plaintiff reported improvement in her lower extremity symptoms three weeks after she had foot surgery to address a bunion and toe joint deformity.  *See* AR 397–99, 527.  But Plaintiff demonstrated lower extremity symptoms, such as severe tenderness, swelling, edema, and discoloration from December 2018 through at least May 2020.  *See* AR 523, 588, 649, 657, 790, 1050, 1108.  The ALJ's discussion of clinical findings did not show that the medical evidence contradicted Plaintiff's claims regarding her stasis dermatitis symptoms.

The ALJ rejected Plaintiff's foot pain complaints because they resolved with treatment.  As mentioned above, Plaintiff had surgery in September 2018 to address a bunion and toe joint

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 4

deformity.  AR 397–99.  Plaintiff was seen in September 2019, after which she received no specific treatment for her foot conditions, meaning bunions, joint deformity, and tarsal tunnel syndrome.  *See* AR 789–91.

The ALJ's reasoning here has some merit.  Conditions that can be controlled effectively with treatment are not disabling for purposes of social security disability benefits.  *See Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).  But Plaintiff's condition lasted for over a year, and it is unclear the extent of overlap between her foot conditions and stasis dermatitis in causing her symptoms.  The ALJ should therefore reassess Plaintiff's testimony regarding her foot conditions in conjunction with the reevaluation of her testimony as it relates to stasis dermatitis.

The ALJ rejected Plaintiff's overall symptom testimony as inconsistent with her activities of daily living.  AR 26.  In particular, the ALJ found Plaintiff's reports that in May 2020 she was walking twice per day about a mile each time and only stopping twice inconsistent with Plaintiff's testimony.  AR 26, 1048.  Earlier, in February 2020, Plaintiff reported she could only walk a quarter mile at a time.  AR 1088.  Plaintiff testified she tries to take walks every day, and stated the most she could do was half a mile.  AR 1346, 1351.  There is some inconsistency here, but it is fairly limited.  Given the ALJ's errors in evaluating the overall medical evidence, this slight inconsistency is not a clear and convincing reason to reject Plaintiff's testimony.

The ALJ also suggested Plaintiff's failure to lose weight undermined her testimony.  AR 31.  Failure to lose weight is not a valid reason to reject a claimant's testimony.  *See Orn v. Astrue*, 495 F.3d 625, 637 (9th Cir. 2007).

In sum, the ALJ did not err in rejecting Plaintiff's testimony regarding the severity of her symptoms related to her right hip surgery.  The ALJ erred in rejecting Plaintiff's testimony

regarding the severity of her symptoms related to her other conditions.

### B.      Dr. Huff's and Dr. Liebson's Opinions

Plaintiff argues the ALJ erred by rejecting the opinions of podiatrists Dr. Huff and Dr. Liebson.  Pl. Op. Br. at 6–8.

The Commissioner argues new regulations promulgated in 2017 change the standard by which the ALJ's reasons for rejecting medical providers' opinions are measured.  *See* Def. Resp. Br. (Dkt. 10) at 3–6.  In 2017, the Commissioner issued new regulations governing how ALJs are to evaluate medical opinions.  *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017).  Under the new regulations, for claims filed on or after March 27, 2017, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).  The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions.  20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).  That explanation must be legitimate, as the Court will not affirm a decision that is based on legal error or not supported by substantial evidence.  *See Trevizo*, 871 F.3d at 674.  Thus, the regulations require the ALJ to provide specific and legitimate reasons to reject a doctor's opinions.  *See also Kathleen G. v. Comm'r of Soc. Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

Dr. Huff completed a medical opinion questionnaire from Plaintiff's counsel in March

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 6

2020.  AR 793–94.  He stated Plaintiff was being treated for venous stasis, but did not state his

involvement in her treatment.  AR 793.  Dr. Huff opined Plaintiff would need to elevate her legs

for four hours in a typical eight-hour period during the day.  *Id.*  He opined Plaintiff could

stand/walk for two to four hours, sit upright for one to two hours, and would need to lay down or

sit with her legs elevated for two to four hours in an eight-hour workday.  AR 794.  Dr. Huff

opined Plaintiff would miss three or more days of work per month due to her impairments.  *Id.*

Dr. Liebson saw Plaintiff multiple times for treatment between September 13, 2017, and

January 19, 2018.  *See* AR 763–81.  Dr. Liebson completed a medical opinion questionnaire

from Plaintiff's counsel in March 2020.  AR 801–02.  Dr. Liebson reported Plaintiff was being

treated for tarsal tunnel syndrome and venous insufficiency, and stated his "main involvement in

management of [Plaintiff] is not vasculitis/venous disease."  AR 801.  Dr. Liebson opined

Plaintiff would need to elevate her legs for one to three hours as needed in a typical eight-hour

period during the day.  AR 801.  He did not opine as to Plaintiff's standing, walking, and sitting

capacities.  AR 802.

The ALJ rejected Dr. Huff's and Dr. Liebson's opinions.  AR 33–34.  The ALJ reasoned

the opinions lacked supportive treatment records from either podiatrist, including no treatment

since September 2019.  AR 34.  The ALJ further reasoned both podiatrists seemed most

concerned with Plaintiff elevating her feet to address her stasis dermatitis, but neither treated her

for that condition.  *Id.*

The ALJ did not err in rejecting Dr. Huff's opinions.  The ALJ reasonably noted the

record does not contain treatment records from Dr. Huff supporting his opinions.  AR 34.  An

ALJ may discount a doctor's opinions when they are inconsistent with or unsupported by the

doctor's own clinical findings.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 7

1   The same cannot be said, however, for the ALJ's rejection of Dr. Liebson's opinions.

2   Although Dr. Liebson was not specifically treating Plaintiff's stasis dermatitis, he made medical

3   findings related to that condition, and there is no claim he lacked the expertise to opine on that

4   condition.  *See* AR 764, 770–71, 783, 790.  He did not treat her after September 2019, but, as

5   discussed above, that is only relevant to Plaintiff's foot-specific conditions, such as bunions and

6   toe joint deformity.  Dr. Liebson's opinions regarding stasis dermatitis still have support within

7   the record.  The ALJ therefore erred in rejecting them.

8   **C.      Dr. Gibson's Opinions**

9   Plaintiff argues the ALJ failed to explain how she evaluated Dr. Gibson's opinions.  Pl.

10  Op. Br. at 8.  Dr. Gibson evaluated Plaintiff's psychological condition on March 11, 2019.  AR

11  572–76.  Based on his evaluation, Dr. Gibson opined Plaintiff "would have difficulty" accepting

12  instructions from supervisors, interacting with coworkers and the public, maintaining regular

13  attendance and completing a normal workday/week, and dealing with the usual stress

14  encountered in the workplace.  AR 576.

15  The ALJ, after summarizing Dr. Gibson's opinions, stated that she was "unpersuaded by

16  Dr. Weir's opinions."  AR 32.  This was clearly a clerical error, as the ALJ had previously

17  discussed her analysis of the opinions from A. Peter Weir, M.D.  *See* AR 30–31.  Moreover, the

18  ALJ, in her discussion following Dr. Gibson's opinions, noted findings Dr. Gibson made, such as

19  that Plaintiff reported "positive" with regard to her current mood, and cried throughout the

20  interview.  AR 33, 575.  Dr. Weir, whose exam was focused on Plaintiff's physical capacity,

21  made no such findings.  AR 633–38.  And the ALJ noted "[t]he exam seemed to reflect nothing

22  that would suggest the claimant's inability to accept instructions from supervisors, interact

23  appropriately with others, maintain regular attendance, or deal with stress in the workplace."  AR

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 8

32. Dr. Gibson opined on those exact issues, while Dr. Weir gave no opinions on Plaintiff's mental functioning.  *See* AR 576, 638.

The ALJ, in her discussion following Dr. Gibson's opinions, rejected those opinions because they were based on a one-time evaluation and limited review of the medical record, and because there were inconsistencies between Dr. Gibson's findings and his opinions.  AR 32.  The ALJ therefore did not ignore Dr. Gibson's opinions, as Plaintiff contends.

Because this matter is otherwise being remanded, however, the ALJ should reevaluate Dr. Gibson's opinions, correcting the clerical error and making clear the reasons for rejecting (or accepting) those opinions.

### D.      Plaintiff's Tearful, Withdrawn, and Hypervigilant Affect

Plaintiff argues the ALJ "erred in failing to consider the effect of the Plaintiff['s] presentation as tearful, withdrawn and hypervigilant."  Pl. Op. Br. at 9.  Plaintiff contends the ALJ "provides no rational [sic] for why these symptoms would not require such additional work breaks."  *Id.*  Plaintiff has not pointed to any evidence in the record indicating Plaintiff's tearful, withdrawn, and hypervigilant presentation would require additional work breaks.  *See id.*  The ALJ must reevaluate Plaintiff's residual functional capacity on remand, however, due to the errors discussed above, and should therefore address Plaintiff's mental presentation as necessary in that context.

### E.      Scope of Remand

Plaintiff cursorily asks the Court to remand this matter for an award of benefits.  Pl. Op. Br. at 9.  Except in rare circumstances, the appropriate remedy for an erroneous denial of benefits is remand for further proceedings.  *See Leon v. Berryhill*, 880 F.3d 1041, 1043 (9th Cir. 2017) (citing *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014)).

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 9

Plaintiff has not analyzed the factors the Court considers before remanding for an award of benefits, nor shown any rare circumstances.  The Court will remand for further administrative proceedings.

On remand, the ALJ shall reevaluate Plaintiff's testimony and Dr. Liebson's opinions. The ALJ shall clarify her evaluation of Dr. Gibson's opinions.  The ALJ shall reassess Plaintiff's residual functional capacity, and all relevant steps of the disability evaluation process.  The ALJ shall conduct all further proceedings necessary to reevaluate the disability determination in light of this opinion.

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 11th day of February, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 10